ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-May-21 11:35:31
60CV-25-5390
C06D12 : 15 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

| | |
|---|---|
| **JASON RYBURN**<br>**Plaintiff,**<br><br>v.<br><br>**CENTENE CORPORATION dba**<br>**AMBETTER OF ARKANSAS, CELTIC**<br>**INSURANCE COMPANY dba**<br>**ARKANSAS HEALTH & WELLNESS**<br>**INSURANCE COMPANY, RBR**<br>**PRODUCTIONS, INC. dba SATORI**<br>**INSURANCE, MONICA R. REED, JLN**<br>**CORP dba P1 SOLUTIONS, and**<br>**JORDAN L. NGUYEN.**<br>**Defendants.** | **Case No.:**<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

### PLAINTIFF'S COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ. AND ARKANSAS DECEPTIVE TRADE PRACTICES ACT

Comes now the Plaintiff, Jason Ryburn, and for his Complaint for Damages and Injunctive Relief against Defendants, states:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, Jason Ryburn, is a resident of Pulaski County, Arkansas.

2.    Defendant, CENTENE CORPORATION d.b.a. AMBETTER OF ARKANSAS, (hereafter collectively referred to as "Ambetter Defendants"), is a foreign entity with its corporate office at 7700 Forsyth Blvd., St. Louis, MO 63105, and which advertises and transacts business in the state of Arkansas. Ambetter may be served through its registered agent for

1

service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

3.     Defendant, CELTIC INSURANCE COMPANY d.b.a. ARKANSAS HEALTH & WELLNESS INSURANCE COMPANY (hereafter collectively referred to as "Ambetter Defendants") is a foreign entity and wholly owned subsidiary of Centene Corporation which manages Ambetter, and which advertises and transacts business in the state of Arkansas. Its principal place of business is located at 200 E. Randolph Street, Ste. 3600, Chicago, IL 6060. Its registered agent for service is CT Corporation System, 5661 Telegraph Rd. Ste. 4B, St. Louis, MO, 63129.

4.     Defendant, RBR PRODUCTIONS, INC. d.b.a. SATORI INSURANCE ("Satori" hereafter), is a Florida corporation which transacts business and advertises within the state of Arkansas, with its principal place of business being located at 1001 W. Cypress Creek Rd., Ste. 410, Fort Lauderdale, FL 33309. Satori's registered agent is Monica Reed and her address is P.O. Box 4030, Fort Lauderdale, FL 33338.

5.     Defendant, Monica R. Reed, is a resident of Florida and is the principal, managing member and, upon information and belief, the Primary Owner of Defendant Satori. Monica R. Reed can be served at 380 N. 51st Street, Oakland Park, FL 33334.

6.     Defendant, JLN CORP is a foreign entity which advertises and transacts business in Arkansas. Its principal place of business is located at 20985 Saint Andrews Blvd., Apt. 25, Boca Raton, FL 33433. The registered agent for JLN CORP is Jordan L. Nguyen whose address is also 20985 Saint Andrews Blvd., Apt. 25, Boca Raton, FL 33433.

7.      Defendant, Jordan L. Nguyen, is a resident of Florida and is the principal, managing member and, upon information and belief, the Primary Owner of Defendant JLN CORP. He can be served at 20985 Saint Andrews Blvd. Ap. 25, Boca Raton, FL 33433.

8.      This Court has jurisdiction over this matter and the parties hereto pursuant to Ark. Code Ann. § 16-4-101 and venue is proper pursuant to Ark. Code Ann. § 16-55-213.

9.      This Court also has jurisdiction over this matter and the parties hereto pursuant to Ark. Code Ann. § 4-106-202(c)(1).

10.     This Court has personal jurisdiction over the Defendants pursuant to Ark. Code Ann. § 4-106-202(b).

11.     Furthermore, the Telephone Consumer Protection Act specifically states that this Court shall have jurisdiction over violations of 47 U.S.C. § 227(b), pursuant to 47 U. S. C. §227(b)(3), (c)(5). Arkansas Law specifically grants jurisdiction over this matter and Defendant pursuant to A.C.A. § 4-88-113(d)(3) and A.C.A. § 4-106-202(b) as the Defendants are subject to liability under A.C.A. § 4-106-202 and A.C.A. § 4-88-113(f).

## BACKGROUND
### The Telephone Consumer Protection Act

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing... can be an intrusive invasion of privacy[.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243. §2(5)(1991)(47 U.S.C. § 227).

13.     The National Do Not Call Registry allows consumers to register their telephone number and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until

the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227; 47 C.F.R. § 64.1200(c)(2).

## The TCPA Imposes Personal Liability on Individuals Who Participate in or Commission Telemarketing Calls.

15.     Under the TCPA, individuals such as Monica R. Reed, and Jordan L. Nguyen may be personally liable for the facts alleged in this Complaint pursuant to 47 U.S.C. § 217, which reads in part, "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person.* 47 U.S.C. § 217 (emphasis added).

16.     When considering individual officer liability, other courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA.  See, e.g., *Jackson's Five Star Catering, Inc. v. Beason,* 2013 WL 5966340, at *4 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they had direct, personal participation in or personally authorized the conduct found to have violated the statute.""") *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415016 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."). See also, *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, 2014 1333472 at *3 (N.D. Ohio Mar. 28, 2014)).

4

17.    Defendant Monica R. Reed is personally liable under the "participation theory" of liability because she is the Principal owner of Defendant Satori, knew about Satori's violations and he directed employees and/or agents of Satori to make these violations.  Monica R. Reed authorized and oversaw Satori's marketing process.

18.    Defendant Jordan L. Nguyen is personally liable under the "participation theory" of liability because he is Principal owner of Defendant JLN CORP., knew about JLN CORP's violations and directed employees and/or agents of JLN CORP to make the violations.

19.    Furthermore, Monica R. Reed and Jordan L. Nguyen were responsible for their respective companies' TCPA compliance and are, therefore, personally liable.

### Automated Telemarketing Calls are Prohibited by the TCPA

20.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii).

The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  See 47 U.S.C. § 227(b)(3).

21.    "Voluminous consumer complaints about abuses of telephone technology - for example, computerized calls dispatched to private homes - prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

22.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are

5

unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> "[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy."

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

23.  Plaintiff is a resident of Pulaski County, Arkansas.

24.  Plaintiff is the authorized user of and controls his personal cell phone number: (501) 231-****.

25.  Ambetter Defendants are in the business of marketing and selling insurance products and market their products and services to Arkansans directly and through authorized agents.

26.  Defendant Satori is an insurance agency, with agents licensed to sell insurance in Arkansas, which advertises directly and through third parties by using automated telephone calls.

27.  Defendant Monica R. Reed is an insurance agent and the principal and owner of Satori.

28.  Defendant JLN Corp is a business entity engaged in "healthcare lead generation... through targeted strategies and advanced technologies" according to its website;

https://www.p1solutionsfl.com. JLN Corp advertises by using automated telephone calls to private cellular phones.

      29.     Defendant Jordan L. Nguyen is the principal and owner of JLN CORP.

      30.     On well over three hundred (300) occasions, between the dates of October 6, 2023 and April 11, 2025, Defendant JLN CORP, on behalf of all Defendants, placed or caused to be placed automatically-dialed telemarketing calls to Plaintiff's personal cellular telephone number, (501) 231-****. These were placed using various, fraudulent, "spoofed" phone numbers. These calls falsely caused numbers with the area code "501" to appear on Plaintiff's caller ID in an apparent attempt to disguise the calls as coming from a local caller.

      31.     These calls began in 2023. The calls advertised health insurance products and usually included a representative claiming to be calling from "The Marketplace."

      32.     These roughly 300 calls contained one or more of the following items:

      a. The callers read from similar if not identical scripts and mentioned the "The Marketplace," "Nationwide," "the Healthcare Department," or government subsidies for health insurance.

      b. The calls were placed from similar falsely displayed CIDs using the prefix "501."

      c. The callers advertised health insurance products or services.

      d. The calls either began with a "click," "bloop," or long pause/silence before a live representative was connected.

      33.     Many of these calls caused Plaintiff's cell phone to ring, but upon his answering, the automated system apparently failed to successfully connect a live representative resulting in

silence from the caller. Most of the calls were also made using falsely displayed CIDS utilizing the "501" area code.

34.     Plaintiff expressed disinterest, replied "no, thank you" and/or told various callers to stop calling on multiple occasions. These requests did not stop the calls.

35.     Plaintiff contacted each of the Defendants to complain about these calls. Despite these conversations and correspondence, the calls continued.

36.     Plaintiff has never had a business relationship with any of the Defendants and never requested, prompted, or consented to these calls. The calls were placed to Plaintiff's personal cellular phone for no legitimate purpose other than to solicit business for Defendants.

37.     These (at least) three hundred (300) calls were placed using automated dialing equipment as evidenced by prerecorded marketing messages and/or long, silent pauses after answering, and/or computerized "bloop" sounds, followed by the call being transferred to a salesperson.

38.     Prior to receiving these calls, Plaintiff did not give consent to be called by Defendants or their agents.  Any perceived interest during these calls was a misinterpretation of Plaintiff's efforts to identify the caller(s).

39.     Prior to these calls, Plaintiff did not do any business with Defendants, nor did he provide his cellular telephone number. Neither Defendants nor their agents had Plaintiff's prior express written consent to make these calls.

40.     Plaintiff asked repeatedly for identifying information from the callers and was either refused, told to wait, or was given false information and fake business names.

41.     On November 17, 2023, yet another call was placed to Plaintiff's personal cell phone using the CID 501-985-4884. The call began with a "bloop" which was followed by a live

agent who stated that he was calling from "The Marketplace." This agent transferred the Plaintiff to an agent named Lance Brooks. Mr. Brooks identified himself as an agent with "The Enrollment Center." After answering several screening questions, Mr. Brooks stated Plaintiff qualified for "government subsidies" and attempted to enroll Plaintiff in a Silver plan through Ambetter with Arkansas Health and Wellness. Though this call disconnected, Mr. Brooks called Plaintiff back immediately. On the subsequent call, Mr. Brooks stated that he was with Satori Insurance. He was either unable or refused to provide Plaintiff with a valid company website for Satori. Mr. Brooks did give Plaintiff a valid NPN number showing that Mr. Brooks was licensed to sell insurance in Arkansas. Mr. Brooks hung up on Plaintiff when asked how Plaintiff could lodge a complaint regarding TCPA violations by Defendant Satori.

42.     Plaintiff placed a call on November 17, 2023 to Lance Brooks and asked for more information regarding Mr. Brook's employer. Mr. Brooks did not answer but called Plaintiff back. He refused to provide any information and ironically demanded that Plaintiff not call him anymore.

43.     Plaintiff was called by another Satori agent named Hasani Halpert on November 20, 2023 using CID 1-877-551-1823. This phone number was listed on Satori's website. Mr. Halpert again attempted to sell Plaintiff a Silver plan from Ambetter. Mr. Halpert sent Plaintiff an email confirming that he was attempting to sell Plaintiff an Ambetter Arkansas Health and

9

Wellness Silver plan. Email pictured below:



44.     Immediately following Mr. Halpert's call, another Satori agent called Plaintiff's cell phone from the same CID, 877-551-1823. This agent stated that her name was Rachelle Charles, NPN #19817066, and confirmed that she worked for Satori. Ms. Charles denied that Satori had a website and stated that its website was "healthcare.gov," which is a website maintained by the US government. Ms. Charles tried to convince Plaintiff to submit a recorded statement and refused to send any information without a recorded statement. Plaintiff refused to give such a statement.

45.     On November 21, 2023, Plaintiff called Ambetter to complain about these calls. An Ambetter representative confirmed that both Mr. Brooks and Ms. Charles were affiliated with Ambetter.

46.     Hasani Halpert called Plaintiff again on November 21, 2023. Mr. Halpert again attempted to sell Plaintiff an insurance plan. After being asked several questions by Plaintiff, a woman calling herself Norma took the phone. Norma stated that Satori was in fact RBR Productions and located in Fort Lauderdale, Florida.

47.    Plaintiff's personal cell phone number, (501) 231-****, has been registered with the National Do Not Call Registry since February 26, 2010; more than 31 days prior to the calls.

48.    Plaintiff received these (at least) three hundred (300) on his private cellular telephone, as defined and set forth in 47 C.F.R. § 64.1200(a)(1)(iii). Plaintiff's telephone number was registered with AT&T as a cellular telephone number and is used for personal, lawful purposes.

49.    These telemarketing solicitations constitute "calls" under the TCPA that were not for emergency purposes.

50.    Plaintiff suffered actual damages, including but not limited to: invasion of privacy, depletion of cell phone battery, waste of personal time and cellular minutes/data, and preventing Plaintiff from using his personal telephone for lawful purposes.

51.    Upon information and belief, Defendants placed or had control over the placement of each of more than three hundred (300) calls to the Plaintiff's cell phone. Defendants had substantial control over their agents, including which services were sold, how the services were sold, the price of the services, the call center script used to sell the services, the locations targeted, the phone numbers being called, marketing material being used, training of call center employees, payment of commissions, prerecorded messages, maintenance of call centers and call center equipment, among other decisions in the telemarketing process.

52.    These calls were placed or caused to be placed by Defendant to an Arkansas resident, the Plaintiff, who was known by the Defendants or their agents to be an Arkansas resident. The calls described herein were aimed at Arkansas and its residents to advertise products and services to those residents.

53.     The Ambetter Defendants knew or should have known that their products and services were being marketed in the above-described manner. The Ambetter Defendants provided training and information materials to the other defendants and directed and controlled the manner in which these insurance products were advertised. Furthermore, the Ambetter Defendants ratified the above-described behavior by continuing to do business with the other defendants.

54.     Each of the calls described or referenced herein was made by or on behalf of the Defendants.

55.     These telephone sales calls and/or "robocalls" violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR 64.1200(a)(1)(iii), 47 CFR 64.1200(a)(1), and 47 CFR 64.1200(c)(2).

56.     Most if not all of these calls were made in violation of Ark. Code Ann. § 4-88-107 (a)(11)(A) because Defendants employed "spoofed" phone numbers. The callers utilized Arkansas area codes or generated false phone numbers and/or area codes in an attempt to fraudulently conceal the identity of the callers or to cause Plaintiff to answer the calls by deception for the purpose of more effectively marketing their services and products.

## CAUSES OF ACTION

### COUNT 1- Negligent Violation of the TCPA's "Robocall" Prohibition,

### 47 U.S.C. § 227 et seq.

57.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58.    As a result of Defendants' and/or Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59.    Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 2- Knowing or Willful Violation of the TCPA's "Robocall" Prohibition, 47 U.S.C. § 227 et seq.**

60.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

61.    As a result of Defendants' and/or Defendants' agents' knowing or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

62.    Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 3- Negligent Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.**

63.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

64.    As a result of Defendants' and/or Defendants' agents' negligent violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

65.    Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 4- Knowing and/or Willful Violation of the TCPA's "Sales Call"**

**Prohibition, 17. U.S.C. § 227 et seq.**

66.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

67.     As a result of Defendants' and/or Defendants' agents' knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

68.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## DAMAGES AND RELIEF SOUGHT

A.     For awards of $500.00 for each negligent violation as set forth in counts 1-4;

B.     For awards of $1,500.00 for each knowing and/or willful violation as set forth in counts 1-4.

C.     Plaintiff relied on Defendant's use of "spoofed" numbers when he answered the above-described calls and subsequently suffered actual financial losses. Pursuant to 4-88-113(f)(1)(A) and 4-88-113(f)(3), Plaintiff is entitled to the recovery of reasonable attorney's fees should he retain an attorney.

D.     Injunctive relief, as set forth in Counts 1-4, against Defendant and each of them to prevent future wrongdoing;

E.     Pre and post-judgment interest at the maximum legal rate;

F.     All such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable.

## CONCLUSION

**WHEREFORE**, Plaintiff prays for the above-mentioned remedies, including but in no way limited to an award of the costs, interest, and fees incurred in connection with this matter, and for all other just and proper relief to which Plaintiff may be entitled. Plaintiff reserves the right to add additional claims or parties as they may arise through further factual investigation and discovery.

Respectfully Submitted,

Jason M. Ryburn
Plaintiff *pro se*
650 S. Shackleford Dr. Ste. 231
Little Rock, AR 72211
501-228-8100
emailryburn@gmail.com

15