IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JASON RYBURN**                                                                                         **PLAINTIFF**

V.                                            **4:25CV00765 JM**

**CENTENE CORPORATION, ET AL,**                                            **DEFENDANTS**

### ORDER

Pending is the motion to dismiss filed by Defendant Monica Reed and the motion for entry of default filed by the Plaintiff against Defendants JLN Corp and Jordan L. Nguyen.

Reed asks the Court to dismiss Plaintiff's claims against her for failure to state a claim. Reed contends that the Telephone Consumer Protection Act ("TCPA") claims against her must be dismissed because the Complaint does not allege that she "initiated" any call under the TCPA or that she had the right to control the means and manner of the calling conduct. Further, Reed argues that Plaintiff's Arkansas Deceptive Trade Practices Act claim must be dismissed because the complaint fails to allege any deceptive or unconscionable act by Reed.

On a motion to dismiss pursuant to Rule 12(b)(6) the Court must consider all facts alleged in the complaint as true. Plaintiff has stated that the Defendants, including Monica Reed, placed or had control over the placement of more than 300 automated telemarketing calls to Plaintiff's cell phone. Taking these factual allegations as true, Plaintiff has stated a claim against Reed under 47 U.S.C. § 227 et seq. Further, the complaint alleges that the Defendants employed spoofed phone numbers in an attempt to fraudulently conceal their identity or cause Plaintiff to answer the calls by deception for the purpose of more effectively marketing their services or products. Taking this allegation as true, Plaintiff has stated a claim under the ADTPA. Reed's motion to dismiss is denied.

Plaintiff filed a motion pursuant to Rule 55(a) for entry of default against JLN Corp and Jordan L. Nguyen. Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter a default by submitting the required proof that the opposing party has failed to plead or otherwise defend. The motion must also include an affidavit stating whether or not the opposing party is in military service or that plaintiff is unable to make that determination. *See* 50 U.S.C.§ 3931. Second, pursuant to Fed. R. Civ. P. 55(b), the moving party may seek entry of judgment from the Court on the default under either subdivision (b)(1) or (b)(2) of the rule. *See Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D. Iowa 1995). "Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Sisseton-Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir. 2000) (citing *Johnson* for this requirement).

There are two problems with Plaintiff's motion for default. The motion fails to include an affidavit regarding Mr. Nguyen's military service, and it seeks a default order from the Court before entry of default by the Clerk. Accordingly, the motion for default is denied.

For these reasons, the motion to dismiss (Doc. No. 18) and the motion for default (Doc. No. 22) is DENIED.

IT IS SO ORDERED this 19th day of November, 2025.

_____
James M. Moody Jr.
United States District Judge