IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON RYBURN                                                    PLAINTIFF

V.                                      4:25CV00765 JM

CENTENE CORPORATION, et al,                                     DEFENDANTS

## ORDER

Pending is the second motion to dismiss for lack of personal jurisdiction and motion to stay filed by Defendants JLN Corp and Jordan L. Nguyen. Plaintiff has responded to the motions. For the reasons stated, the motion to dismiss is granted and the motion to stay is moot.

Plaintiff alleges that the Defendants placed, or caused to be placed, 300 auto-dial telemarketing calls to his cell phone between October 6, 2023 and April 11, 2025 to market health insurance products in violation of the Telephone Consumer Protection Act.

Defendants JLN Corp and Jordan L. Nguyen ("Nguyen") contend that the Court lacks personal jurisdiction over them. Nguyen also claims that Plaintiff has failed to state a claim against him.

Rule 12(b)(2) provides an avenue for dismissal where a federal court does not have personal jurisdiction over a defendant. When personal jurisdiction is challenged or controverted in federal court, a plaintiff has the burden to show jurisdiction exists. *See Denver v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004) (internal citation omitted). Specifically, a plaintiff must make a prima facie showing that personal jurisdiction exists, which requires creating "a reasonable inference that the defendant can be subjected to jurisdiction within the state*." K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011). Although

"[t]he evidentiary showing required at the prima facie stage is minimal, the "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits" supporting or opposing the motion. *Id.* (internal citations omitted). The district court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing.

Arkansas law extends personal jurisdiction as far as the Due Process Clause allows. Ark. Code Ann. § 16-4-101(B). Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "In giving content to that formulation, the Court has long focused on the nature and extent of 'the defendant's relationship to the forum State.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 582 U. S. 255, 262 (2017)).

Neither JLN Corp nor Nguyen are subject to general jurisdiction in this Court. JLN Corp is organized in Florida, has its principal place of business in Florida, is not registered to do business in Arkansas, and does not conduct business here. (Am. Dec. of Jordan L. Nguyen, Doc. No. 48-2). Nguyen is a resident of Florida, does not conduct business in Arkansas, does not own property in Arkansas, does not maintain a mailing address, post office box, telephone number, or bank account in Arkansas. *Id.*

Neither JLN Corp nor Nguyen are subject to specific jurisdiction in this Court. The evidence submitted by Plaintiff does not prove JLN Corp or Nguyen have minimum contacts with the State. There is no evidence that these Defendants placed calls to Plaintiff, only that

Plaintiff placed calls to P1 Solutions.[1] The contact was unilateral. Plaintiff's remaining arguments are without merit. The Defendants' business relationship with co-defendant Monica Reed and RBR Productions do not prove that the Defendants placed calls to Plaintiff in the State. Further, phone calls alone are not "ordinarily sufficient by themselves to support the exercise of personal jurisdiction with respect to a defendant." *Aylward v. Fleet Bank*, 122 F.3d 616, 618 (8th Cir. 1997) (citing *Burlington Industries, Inc*. 97 F.3d 1100, 1103 (8th Cir. 1996); *Bell Paper Box, Inc. v. Trans Western Polymers, Inc*., 53 F.3d 920, 922–23 (8th Cir. 1995); and *Federal Deposit Insurance Corp. v. Malmo*, 939 F.2d 535, 536–37 (8th Cir. 1991)).

Viewing the facts in the light most favorable to Plaintiff, the pleadings, motions and supporting evidence do not support a reasonable inference that JLN Corp or Nguyen purposefully aimed illegal calls to Plaintiff in Arkansas. On these facts, it would be unfair to hale these Defendants into this Court to defend Plaintiff's allegations. The Court lacks personal jurisdiction over JLN Corp or Nguyen.

In conclusion, the Second Motion to Dismiss for Lack of Jurisdiction (Doc. No. 48) is GRANTED. The Amended Complaint is dismissed without prejudice as to Defendants JLN Corp and Jordan L. Nguyen. The motion to stay (Doc. No. 49) is MOOT.[2]

IT IS SO ORDERED this 18th day of May, 2026.

_____
James M. Moody Jr
United States District Judge

---

[1] According to the Amended Complaint, JLN Corp does business as P1 Solutions. (Am. Comp., Doc. No. 42 at ¶6).
[2] The Clerk is directed to remove the gavel from Doc. No 50. It is not a separate motion.